## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**ZIA AGRICULTURAL
CONSULTING, LLC,**

  **Plaintiff,**

**v.**          **Case No. 1:20-cv-00445-MIS-JHR**

**TYSON FOODS, INC. and TYSON
FRESH MEATS, INC.,**

  **Defendants.**

## DEFENDANTS TYSON FOODS, INC. AND TYSON FRESH MEATS. INC.'S OMNIBUS MOTION IN LIMINE

Defendants, Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (hereinafter, collectively "Tyson"), by and through their counsel of record, Mayer, LLP, (Brian J. Fisher, David C. Larsen, and Nicholas J. Rimmer) moves this Court for Orders *in limine* excluding evidence, references, and arguments identified herein from trial of this matter, and as a basis for which states:

### I. INTRODUCTION

1. This suit arises from a series of communications 2019 regarding the potential purchase of New Mexico cattle. Plaintiff Zia Agricultural Consulting LLC (hereinafter, "Plaintiff")  does not produce cattle itself, but is rather a commodity consulting business specializing in investments, sourcing, and cattle production for the commercial beef market. Zia claims that it and Tyson entered into a formal agreement based these 2019 communications. Tyson disputes entering into a contract or agreement with Zia regarding the purchase of cattle. Confirming Tyson's

misgivings, Zia has since demanded full payment for cattle based on arbitrary and unsupported costs it says were incurred during the finishing process.

## II.   ARGUMENT AND AUTHORITIES

2.   Before any proceedings occur in the presence of the Jury, and prior to voir dire examination of the jury panel, Tyson seeks to exclude any and all matters that are irrelevant, inadmissible, or prejudicial to the material issues in this cause. If such matters are introduced into the trial of this cause through a party, a witness, or an attorney, such introduction will cause irreparable harm to Tyson, which would not be cured by any jury instruction.

3.   Tyson requests the Court order that Plaintiff, their attorneys, and all other persons involved in this case on their behalf, are instructed not to mention or bring the Jury, either directly or indirectly, upon voir dire, opening statements, interrogation of witnesses, argument, objections before the Jury, or any other means or manner inform the Jury or bring to the Jury's attention any of the matters set forth in the paragraphs below, unless and until such matters have been first called to the Court's attention, out of the presence and/or hearing of the Jury, and a favorable ruling has been received as to the admissibility and relevance of such matters.

4.   Tyson requests the Court order that counsel for Plaintiff be instructed to inform all witnesses called by Plaintiff not to volunteer, disclose, state or mention to the Jury any of the below-enumerated matters, without first asking for a ruling from the Court, out of the hearing of the jury, on the admissibility of the evidence.

5.       Tyson further requests the Court order that the violation of any of these instructions would constitute harm and deprive Tyson of a fair and impartial trial, and to instruct counsel for Plaintiff that the failure to abide by such order may constitute contempt and necessitate a mistrial.

**MOTION IN LIMINE NO. 1: Exclusion of Plaintiffs' Counsels' Personal Beliefs and Opinions about the Case, the "Justice" of the Case, or of Plaintiff's "Right" to Recover Damages.**

5.       Plaintiff's counsels' personal beliefs and opinions about this case should be excluded during trial because they are irrelevant, unreliable, and not proper evidence. FED. R. EVID. 401, 403, 701 and 703. If allowed, these opinions would be designed solely to arouse the passion of the jury and to prejudice Tyson.

**MOTION IN LIMINE NO. 2: Exclusion of Arguments, Testimony, or Comments Referring to Plaintiff as a "Victim."**

6.       Tyson moves to exclude any reference, evidence, testimony, or argument by Plaintiff as describing Plaintiff as a "victim" or other words to that effect. "Victim" incorrectly implies the existence of a criminal proceeding and serves only to mislead or inflame the jury and prejudice against Tyson. FED. R. EVID. 403. Language to this effect will improperly cause the jury to violate its oath not to let bias, sympathy, or prejudice play any part in its deliberations. Accordingly, any such evidence, reference, testimony, or argument should be excluded because its probative value, if any, is substantially outweighed by its of unfair prejudice. Fed. R. Evid. 403.

**MOTION IN LIMINE NO. 3: References to Witnesses Not Called by Tyson.**

7.       Tyson moves *in limine* to preclude Plaintiff from offering evidence or making any argument or comment about witnesses Tyson decides not to call. The lack

of a particular witness is irrelevant, speculative, and implicates the attorney-client privilege and attorney work-product doctrine.

**MOTION IN LIMINE NO. 4: References to any Motion in Limine, Discovery Disputes, and Other Motions and Court Rulings on Matters Outside the Jury's Presence.**

8.      Tyson moves to exclude any mention of any action of the Court in ruling upon any matter, including this or any motion *in limine*, taken prior to the trial of this case or during the trial of this case where the ruling is made outside the presence of the jury. Further, Tyson requests an instruction excluding any mention or reference be made about any motion filed by Tyson. Such evidence is irrelevant and the only purpose of introducing it would be to prejudice Tyson. Therefore, reference to prior motions and the Court's rulings on such should be prohibited. *See* FED. R. EVID. 401 and 403.

**MOTION IN LIMINE NO. 5: Exclusion of any Reference to any Settlement Offer or Lack Thereof, Offers of Judgment, and Other Correspondence Between the Parties and their Counsel.**

9.      Evidence of an offer of settlement between the parties is inadmissible. *See* FED. R. EVID. 408. Evidence that the parties have or have not made offers of settlement in this case, or the amount of those offers, is wholly irrelevant to the question of liability or damages. *Id*. Furthermore, the introduction of such evidence is unduly prejudicial to Tyson in that Plaintiff would be attempting to show that they have been reasonable, that Tyson has been unreasonable, or that Plaintiff was forced or somehow compelled to file this case or take this case to trial.

10.      Other correspondence between the parties, either directly or through the parties' counsel, should also be excluded from trial. Such evidence is not relevant to

liability or to damages and would only be used to prejudice Tyson by attempting to show that Tyson was uncooperative or otherwise should be punished for its participation in litigation. Such disputes are not proper evidence to be considered by a jury in deciding of liability or damages and should therefore be excluded from trial.

**MOTION IN LIMINE NO. 6:** **Exclusion of All Requests by the Parties for Information or Documents in the Presence of the Jury.**

11.     During trial, counsel should not be permitted to request that any opposing counsel enter into stipulations or produce documents in front of the jury. The parties have exchanged discovery and will exchange exhibits prior to trial. There has been adequate opportunity before trial for the parties, and their counsel, to discuss any desired stipulations. Thus, there is no basis for such requests in front of the jury. Moreover, such requests are improper, unduly prejudicial, and should be prohibited because they improperly imply that a party is either being difficult or failed to produce information and documents before trial. *See* FED. R. EVID. 403.

**MOTION IN LIMINE NO. 7:** **Exclusion of References or Comments Regarding Tyson's Attorneys Must be Excluded.**

12.     Tyson moves to preclude Plaintiff, and their attorneys, from making any references to the size, residence or resources of any retained firm or counsel in this or any other litigation. Evidence regarding the size, residence or resources of any retained firm or counsel is irrelevant. FED. R. EVID. 401. Even if the Court were to determine that references to the number of lawyers at the law firm or the state of residence of counsel was somehow relevant or probative to the issues in this case, such evidence should be categorically excluded from trial due to extreme prejudice. FED. R. EVID. 403. Plaintiff's only purpose for making such comments and attempting

to admit such evidence would elicit hostility toward Tyson and gain sympathy for Plaintiff. Such trial tactics are inappropriate, create undue prejudice, and should be categorically excluded from trial.

**MOTION IN LIMINE NO. 8: Voir Dire Should be Limited to Avoid Improper Questioning.**

13.      Tyson moves to preclude Plaintiff from asking questions of prospective jurors during *voir dire* regarding specific facts of the case, their opinions on specific damage awards, or their ability or inability to award a specific amount of damages. The Court has broad discretion to limit *voir dire* examinations. *See Mu'min v Virginia*, 500 U.S. 415, 425, 111 S.Ct. 1899, 1906. Plaintiff will attempt to pre-screen the prospective jurors as to the weight to be given to evidence in this case by summarizing the facts regarding the damages and inquiring whether bias would preclude any potential juror from awarding a set damages figure. Such questions improperly require prospective jurors to arrive at opinions or conclusions prior to the presentation of evidence, as opposed to evaluating the juror's ability to weigh evidence and apply the law. While Tyson does acknowledge that some questioning on the issue of the potential juror's bias or prejudice with regard to ability to award certain elements of damages is appropriate, Tyson objects to any question regarding whether a juror could award specific amounts of damages. Tyson further objects to general questions seeking to exclude potential jurors for "bias" simply because such that the juror would not, in the abstract, agree that a certain damages amount "suggested" by Plaintiff as "fair." Questions regarding this "bias" constitute an improper attempt to pre-screen jurors, are misleading, and are a confusing.

14.     Such questioning deprives Tyson of its right to have this case tried by an impartial cross-section of the citizens of New Mexico and allows Plaintiff to pre-determine how the jurors will consider key evidence. Likewise, it enables Plaintiff to commit potential jurors to a position regarding the weight of the evidence prior to trial. This inevitably leads to a confusion of the issues and the seating of a partial, biased jury. Allowing questions of this nature would allow Plaintiff to prejudice the jury by limiting them to only consider certain facts. Screening out prospective jurors who demonstrate support or distaste for specific pieces of information creates a jury who are unlikely to fairly evaluate all of the evidence admitted. The purpose of *voir dire* is to discover improper biases and prejudices inhibiting prospective jurors from rendering a fair and impartial decision based on the evidence, not having prospective jurors prejudge the case prior to the presentation of evidence. The only proper question regarding damages is whether the juror could award as little or as much in damages in this case as the evidence might support. Accordingly, Tyson respectfully requests that the Court prohibit any *voir dire* questioning regarding the ability to award a specific amount of damages for the reasons stated herein.

**MOTION IN LIMINE NO. 9: Exclusion of All References to Any Alleged Wrongdoing by Tyson Not Contained in the Pre-Trial Order.**

15.     Tyson requests that the Court preclude Plaintiff from referring to allegations of any improper conduct or other wrongdoing by Tyson that are not set forth in the final pretrial order. Because all pleadings will be merged into the pretrial order, there is no foundation for allegations against Tyson outside that order. Any allegations against Tyson not previously disclosed in the final pretrial order should

be excluded from trial, as their only purpose would be to unduly prejudice the jury and their admission would constitute an unfair surprise. FED. R. EVID. 403.

**MOTION IN LIMINE NO. 10: Exclusion of All References or Testimony of Prior Unrelated Litigation.**

16.     Any testimony, evidence or argument regarding prior unrelated litigation involving Tyson is irrelevant and not admissible at trial. FED. R. EVID. 401. Relevant evidence means evidence having any tendency to make the existence of any fact more probable or less probable than it would be without the evidence. Id.

17.     Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of...unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. A trial court "ought to exclude" from evidence, testimony, transcripts, exhibits, or any other materials related to prior litigation involving Tyson as the same is calculated to arouse the prejudices and passions of the jury and is not reasonably relevant to the issues of the case. *See Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 705 F.Supp.2d 1265. The Court should exclude any evidence, testimony or argument regarding prior unrelated litigation against Tyson as inflammatory and calculated only to arouse the prejudices and passions of the jury and for no other reason. FED. R. EVID. 403. Prior unrelated litigation involving Tyson has no relevance in this case and should not be admitted for any purpose at trial. FED. R. EVID. 401 and 402.

18.     Even if the Court determines that some form of evidence, testimony or argument regarding prior litigation involving Tyson has some scant probative value,

any probative value is substantially outweighed by potential prejudice. The introduction of evidence or testimony regarding prior unrelated litigation involving Tyson would arouse the prejudices and passions of the jurors. Any attempt by Plaintiff to introduce such evidence would unfairly prejudice Tyson as it will encourage the jurors to consider unsubstantiated and irrelevant evidence in this litigation. Testimony or evidence from unrelated litigation would mislead the jury and distract from the facts at issue in the case. The danger far outweighs the negligible or nonexistent probative value of any such evidence and federal law requires the exclusion of any evidence, testimony or argument regarding prior litigation involving Tyson. FED. R. EVID. 403.

## III.   CONCURRENCE

19.   Pursuant to D.N.M.LR-CV. 7.1(a), counsel for Plaintiff was provided a copy of the Motion and the instant Motion is opposed.

## IV.   CONCLUSION

Defendants, Tyson Foods, Inc. and Tyson Fresh Meats, Inc. respectfully request that each of its Motions in Limine identified herein be granted and that the identified evidence, references and arguments be excluded, and for any other and further relief this Court deems just and proper.

Respectfully submitted,

**MAYER LLP**

By:    _/s/ Brian J. Fisher_
       Brian J. Fisher
       David C. Larsen
       Nicholas J. Rimmer

9400 Holly Avenue NE, Building 3B
Albuquerque, New Mexico 87122
Telephone: 505.595.1414
Facsimile: 505.595.1415
Email:        bfisher@mayerllp.com
            dlarsen@mayerllp.com
            nrimmer@mayerllp.com

*Attorneys for Defendant Tyson Foods, Inc.*
*and Tyson Fresh Meats, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 15, 2021, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send Notice of Electronic Filing to all counsel of record.

Clinton W. Marrs
Matthew J. Bouillon
Marrs Griebel Law, Ltd.
1000 Gold Avenue SW
Albuquerque, New Mexico 87102

John S. Worden
Sarah Diamond
Schiff Hardin LLP
4 Embarcadero Center, Suite 1350
San Francisco, California 94111

By:   */s/ Brian J. Fisher*
Brian J. Fisher