UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ZIA AGRICULTURAL CONSULTING, LLC,

    Plaintiff,

v.

TYSON FOODS, INC. and TYSON FRESH MEATS, INC.,

    Defendants.

CASE NO. 1:20-cv-445-MIS-JHR

**PLAINTIFF ZIA AGRICULTURAL CONSULTING, LLC'S OPPOSITION TO DEFENDANTS'** *MOTION IN LIMINE* **TO EXCLUDE REFERENCE TO "CARBON FOOTPRINT," "ENVIRONMENTAL IMPACT," AND SIMILAR TOPICS**

Plaintiff Zia Agricultural Consulting, LLC ("Zia") opposes Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc.'s (collectively "Tyson") Motion *In Limine* (Dkt. No. 58) (the "Motion") to exclude reference to "carbon footprint," "environmental impact," and "similar irrelevant topics" for the reasons set forth below.

**I.    PRELIMINARY STATEMENT**

Tyson's Motion is nonsensical. This entire case arises from Tyson's refusal to honor its agreement to purchase Zia's natural Global Animal Partnership-certified Cattle and Non-Hormone Treated Cattle (collectively, "Premium Cattle") at the agreed upon prices. Tyson sought to capitalize on the growing consumer trend for more natural meat-products with less environmental impact by expanding its business beyond conventional cattle to sell more natural Premium Cattle to Whole Foods, creating the Global Animal Partnership-certified program. Tyson admitted that it could not make a deal with Whole Foods without Zia's Premium Cattle. Because of this, Tyson aggressively pursued Zia for weeks to source Premium Cattle for Tyson. After Zia made clear to Tyson that it would only incur the significant upfront costs of caring for Premium Cattle if there was a clear pricing agreement in place, Zia sent Tyson a detailed Cost Plus Model, setting forth the location, weight and most importantly price of every single head of

1

cattle.  Tyson admits that it reviewed Zia's offer, and immediately emailed back: "This looks good, get them in a finish yard, asap please."  Yet, after agreeing to Zia's terms, Tyson refused to purchase all of the cattle it asked Zia to take on and refused to pay the agreed upon prices, leaving Zia to cover millions of dollars in costs for the Premium Cattle and causing Zia $2,573,170.30 in actual damages.  There can be no question that references to "carbon footprint," "environmental impact," and other similar topics are relevant.  For the reasons set forth below, Tyson's attempt to exclude this evidence should be denied.

*First*, Tyson's Motion seeks to exclude evidence that is directly relevant to Zia's claims regarding the harm Tyson's breaches caused.  *Second*, Tyson's Motion fails to identify any specific evidence, but instead seeks a general preclusion order, which, in effect, undermines Zia's claims.  *Third*, Tyson's Motion attempts to resolve factual disputes or weigh evidence at issue in this case.

Tyson's Motion is improper.  Accordingly, Zia respectfully requests that the Court deny Tyson's Motion.

## II.     APPLICABLE LEGAL STANDARDS

"A motion in limine is designed to prevent the interjection of specific evidence that is irrelevant, inadmissible, or prejudicial."  *Hemetek v. United States*, No. 3:08-CR-00198, 2012 WL 3870620, at *9 (S.D.W. Va. Apr. 25, 2012), report and recommendation adopted, No. CIV.A. 3:11-0579, 2012 WL 3870605 (S.D.W. Va. Sept. 6, 2012), aff'd, 527 F. App'x 261 (4th Cir. 2013).  Courts look with disfavor on *motions in limine* "the gist of which is that the opposing party should be required to comply with the rules of evidence . . . without identifying specific evidence which there is reason to believe may be introduced."  *Graham v. Union Pac. R.R. Co.*, 2008 WL 4643292, *1 (E.D. Ark. Oct. 17, 2008).  *See also Cantu Serv. v. Frazier*, 2016 WL 237067, *2 (W.D. La. Jan. 19, 2016) (denying motion *in limine* in the form of "a laundry list of broad and generic objections").

A motion *in limine* should not be used to resolve factual disputes or weigh evidence.  *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F.Supp.2d 316, 323 (D.C. 2008); *see also Bowers v.*

2

*Nat'l Collegiate Athletic Ass'n*, 563 F.Supp.2d 508, 532 (D. N.J. 2008) ("It is well settled that '[m]otions in limine. . . are inappropriate devices for resolving substantive issues,' such as the sufficiency of the evidence to support a claim or defense.") (citing *Pavone v. Puglisi*, Case No. 1:08-C-2389 (MEA), 2013 WL 245745, at *1 (S.D. N.Y. Jan. 23, 2013)); *Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc*., No. 08-CV-00578-WJM-CBS, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012) ("An in limine motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because [t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.").

**III.    TYSON'S MOTION IS AN IMPROPER ATTEMPT TO EXCLUDE EVIDENCE**

Tyson's Motion seeks to exclude a series of undefined terms: "environmental impact," "carbon footprint," and "references to similar environmental issues from trial." Tyson's vague Motion should be denied for at least three reasons. First, Tyson's Motion seeks to exclude evidence directly relevant to Zia's claims regarding the harm Tyson's breaches have caused. Second, Tyson's Motion fails to identify specific evidence to be excluded. Third, Tyson's Motion attempts to resolve factual disputes or weigh evidence at issue in this case.

**A.    Tyson's Motion Seeks To Exclude Directly Relevant Evidence**

Contrary to Tyson's Motion, the environmental impact caused by Tyson's breaches is directly related to Zia's claims. As the packer, Tyson retained full control concerning when the cattle were taken from the feedyards. When Tyson refused to purchase the Premium Cattle Tyson had begged Zia to source or when Tyson delayed taking possession of the Premium Cattle, that cattle had to stay on the feedyards for a much longer duration. This contributed to the harm Tyson caused. It is beyond dispute that the more time a cow feeds, the more methane is released.[1] The environmental harm Tyson caused is directly relevant to Zia's claims.

---

[1] "Cows are responsible for about 40% of global methane emissions." *See Genetics can determine how much methane cows release when burping and passing gas, researcher says*, CBS NEWS (Oct. 20, 2021, 1:09 PM), https://www.cbsnews.com/news/cows-methane-emissions-gas-study/ (last visited Jan. 6, 2022).

Evidence is relevant if it has "any tendency to make a fact [that is of consequence in determining the outcome of the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401.  A court "may exclude relevant evidence if its probative value is ***substantially*** outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added).  The U.S. Supreme Court has made clear that "[r]elevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case." *Sprint/United Mgmt. v. Mendelsohn*, 552 U.S. 379, 387 (2008).  References to environmental impacts are clearly relevant in the context of the facts and arguments in this case.

Tyson's Motion argues that the issues related to "carbon footprint," "environmental impact," and other related topics are not relevant to Zia's claims.  Not so.  The environmental harm Tyson's misconduct created goes to the harm Tyson has caused.  As Zia's Chief of Cattle Feeding Operations and General Consultant, Narciso Perez, testified at deposition:

> All I can tell you is, is in a world where ***a carbon footprint has become everything to food production in all other industries*** – I'm sure your own business is careful about what they do with carbon footprint these days.
> The last thing you want to do is leave a bunch of cattle grinding up resources that are really expensive, ***putting off methane gas one extra day, much less six months*** . . . we're feeding these cattle for special programs for special stores like Whole Foods, and if Whole Foods ever knew how wasteful this is all going down, they would be appalled, because, you know, we -- I think that -- that the Lancet Report and other reports that are global kind of watchdogs for climate are telling people that animal industry is consuming the planet, and we have to stop eating meat, because livestock producers are very poor managers of the plant's resources, and here we are for the highest quality store in the United States overfeeding the cattle, because we've not one guy that's deciding when they come and go, and since [Bob Scherer] he does a poor job of that, the -- you know, the planet is suffering, and the cattle feeders are suffering, and you know what? Probably the retailers getting product, it's got too much finish on it.

Narciso Perez Dep. Tr. 74:25-75:24 (emphasis added).  Zia has already made the environmental impact of Tyson's misconduct an issue in this case.  The harm caused by Tyson's failure to purchase and take possession of Zia's Premium Cattle is bolstered by the environmental harm

4

Tyson's breaches and delays caused.  This evidence is clearly relevant because it has a "tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Tyson's attempts to exclude this relevant evidence are improper.

      **B.**      **Tyson's Motion Fails To Identify Specific Evidence To Be Excluded**

Tyson's Motion should also be denied because it fails to identify the specific evidence it asks this Court to exclude.  Tyson seeks to exclude an undefined, vague range of statements which fail to provide any guidance as to what evidence it seeks to exclude.  As demonstrated below, Tyson is entirely unclear as to the scope of what it asks this Court to exclude:

> Defendants, Tyson Foods, Inc. and Tyson Fresh Meats, Inc. respectfully request that the Court enter an Order in limine excluding evidence, arguments, and references to "carbon footprint", "environmental impact" and other similarly irrelevant, inadmissible and prejudicial topics from trial, and for any other and [*sic*]

Tyson's Motion at 5.  Tyson's Motion merely seeks a general preclusion order, which, in effect, would undermine one of Zia's claims.  Tyson's Motion should be denied on this basis alone.  *See Kimzey v. Diversified Servs., Inc*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) (a motion "seeking to prohibit generic, unspecified 'prejudicial' testimony [is] not useful.") (citing *Hemetek*, 2012 WL 3870620, *9); *see also United States v. DesFosses*, 2011 WL 4104702, *8 (D. Idaho 2011) (A motion in limine that "generally lacks specificity as to any particular evidence" is properly denied).  *See Fleck v. Douglass Roofing Co.*, 2014 WL 11498048, *2 (D. Wyo. Sept. 23, 2014) (declining *in limine* request to issue "a generic order to forbid Plaintiff from using vaguely defined language" as misleading or improper).

      **C.**      **Tyson's Motion Attempts To Resolve Factual Disputes And Weigh Evidence**

Tyson's Motion should also be denied because Tyson effectively asks this Court to resolve a factual dispute and weigh evidence relating to Zia's claims about the environmental harms Tyson's delays and breaches caused.  In the guise of a motion *in limine*, Tyson seeks dispositive rulings on the merits of Zia's claims.  This is procedurally improper.

Federal courts are clear that a motion *in limine* should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc.*, 539 F.Supp. at 323; *see also Bowers*, 563 F.Supp.2d at 532 ("It is well settled that '[m]otions in limine. . . are inappropriate devices for resolving substantive issues,' such as the sufficiency of the evidence to support a claim or defense.") (citing *Pavone*, 2013 WL 245745, at *1); *Dry Clean Super Ctr., Inc.,* 2012 WL 503510, at *4 ("An in limine motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because [t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards."); *Natural Res. Def. Council v. Rodgers*, No. CIV-S-88-1658(LKK), 2005 WL 1388671, at *1 n.2 (E.D. Cal. June 9, 2005) ("Motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues.").

As the court held in *Dunn ex rel Albery v. State Farm Mut. Auto Ins. Co.*, 264 F.R.D. 266, 274-75 (E.D. Mich. 2009), "motions in limine are meant to deal with discrete evidentiary issues related to trial . . . . The denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case."

Tyson seeks to keep Zia's evidence of the harm Tyson's misconduct caused away from the jury. A *motion in limine*, however, is not the proper procedure to challenge Zia's support for its claims.

### IV.  CONCLUSION

For the foregoing reasons, Zia respectfully requests that the Court deny Tyson's Motion.

Executed on:   January 12, 2022            VENABLE LLP

By: */s/ John S. Worden*
John S. Worden (*pro hac vice*)
Sarah E. Diamond (*pro hac vice*)

101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.653.3750
Facsimile: 415.653.3755
Email:    JSWorden@venable.com
          SEDiamond@venable.com

MARRS GRIEBEL LAW, LTD.

Clinton W. Marrs
1000 Gold Avenue SW
Albuquerque, NM 87102
Telephone: 505.433.3926
Facsimile: 505.639.4161
Email: clinton@marrslegal.com

*Attorneys for Plaintiff Zia Agricultural Consulting, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of January, 2022, I electronically filed the foregoing document with the Clerk of the Court for the District of New Mexico, Santa Fe Division, by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

    Brian J. Fisher
    David C. Larsen
    Armand D. Huertaz
    Nick Rimmer
    MAYER LLP
    9400 Holly Avenue NE, Building 3B
    Albuquerque, NM 87122
    Telephone: 505.595.1414
    Email: bfisher@mayerllp.com
           dlarsen@mayerllp.com
           ahuertaz@mayerllp.com
           nrimmer@mayerllp.com

*Attorneys for Defendant Tyson Foods, Inc. and Tyson Fresh Meats, Inc.*

                                      By:    */s/ John S. Worden*
                                                    John S. Worden