UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| ZIA AGRICULTURAL CONSULTING, LLC, | |
| Plaintiff, | CASE NO. 1:20-cv-445-MIS-JHR |
| v. | |
| TYSON FOODS, INC. and TYSON FRESH MEATS, INC., | |
| Defendants. | |

**PLAINTIFF ZIA AGRICULTURAL CONSULTING, LLC'S
RESPONSE AND OPPOSITION TO DEFENDANTS' OMNIBUS MOTION *IN LIMINE***

Plaintiff Zia Agricultural Consulting, LLC ("Zia") opposes Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc.'s (collectively, "Tyson") Omnibus Motion *In Limine* (Dkt. No. 59) (the "Motion") for the reasons set forth below.

## I.   PRELIMINARY STATEMENT

This case arises from Tyson's bad faith refusals to honor its contractual obligations to a small family-owned New Mexico business. Tyson aggressively pursued Zia for weeks to source as much Premium Cattle as possible for Tyson to sell to Whole Foods. Zia did exactly that, but then Tyson refused to purchase all of the cattle it asked Zia to take on and refused to pay the agreed upon prices, causing Zia $2,573,170.30 in actual losses.

Tyson's Omnibus Motion *In Limine* includes 10 separate motions *in limine* which each fail to identify any specific evidence. Instead, Tyson seeks a general preclusion order, which, in effect, undermines Zia's claims. Tyson's Motion is a vague – at times incomprehensible – attempt by Tyson to keep bad evidence against it away from the jury. For the reasons set forth below, Tyson's Motion is improper. Accordingly, Zia respectfully requests that the Court deny Tyson's motions *in limine* Nos. 1-3, 5, 8-10 and that Tyson's motions *in limine* Nos. 4, 6, 7 be made mutual as to all parties.

## II.     APPLICABLE LEGAL STANDARDS

"A motion in limine is designed to prevent the interjection of specific evidence that is irrelevant, inadmissible, or prejudicial." *Hemetek v. United States*, No. 3:08-CR-00198, 2012 WL 3870620, at *9 (S.D.W. Va. Apr. 25, 2012), report and recommendation adopted, No. CIV.A. 3:11-0579, 2012 WL 3870605 (S.D.W. Va. Sept. 6, 2012), aff'd, 527 F. App'x 261 (4th Cir. 2013). A motion *in limine* should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F.Supp.2d 508,532 (D. N.J. 2008) ("It is well settled that '[m]otions in limine. . . are inappropriate devices for resolving substantive issues,' such as the sufficiency of the evidence to support a claim or defense.") (citing *Pavone v. Puglisi*, Case No. 1:08-C-2389 (MEA), 2013 WL 245745, at *1 (S.D. N.Y. Jan. 23, 2013)).

Courts look with disfavor on *motions in limine* "the gist of which is that the opposing party should be required to comply with the rules of evidence ... without identifying specific evidence which there is reason to believe may be introduced." *Graham v. Union Pac. R.R. Co.*, 2008 WL 4643292, *1 (E.D. Ark. Oct. 17, 2008). *See also Cantu Serv. v. Frazier*, 2016 WL 237067, *2 (W.D. La. Jan. 19, 2016) (denying motion *in limine* in the form of "a laundry list of broad and generic objections").

A court "may exclude relevant evidence if its probative value is **substantially** outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added).[1] The U.S. Supreme Court has held that "[r]elevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case." *Sprint/United Mgmt. v. Mendelsohn*, 552 U.S. 379, 387 (2008).

---

[1] Evidence is relevant if it has "any tendency to make a fact [that is of consequence in determining the outcome of the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401.

**III.    TYSON'S OMNIBUS MOTION IS IMPROPER**

As set forth below, Zia disputes Tyson's motions *in limine* Nos. 1-3, 5, 8-10 because, among other deficiencies, Tyson's motions attempt to resolve factual disputes or weigh evidence, fail to identify specific evidence to be excluded, and seek to exclude evidence directly relevant to Zia's claims.  Further, Zia requests that Tyson's motions *in limine* Nos. 4, 6, and 7 be made mutual as to all parties.

**MOTION IN LIMINE NO. 1: Exclusion of Plaintiffs' Counsel's Personal Beliefs and Opinions about the Case, the "Justice" of the Case, or of Plaintiff's "Right" to Recover Damages**.

- Zia's Response:  Oppose.  Consistent with the rules prohibiting disclosure of an attorneys' personal beliefs, Zia's counsel will not discuss its personal beliefs.  However, Tyson's motion is improper because it is vague, and fails to identify any specific evidence to be excluded.  *See Kimzey v. Diversified Servs., Inc*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) (a motion "seeking to prohibit generic, unspecified 'prejudicial' testimony [is] not useful.") (citing *Hemetek*, 2012 WL 3870620 at *9); *see also United States v. DesFosses*, 2011 WL 4104702, *8 (D. Idaho 2011) (A motion in limine that "generally lacks specificity as to any particular evidence" is properly denied).  Here, Tyson seeks to exclude an undefined, vague range of statements which fail to provide any guidance as to what evidence it seeks to exclude.  Tyson's Motion should be denied on this basis alone.  *See Fleck v. Douglass Roofing Co.*, 2014 WL 11498048, *2 (D. Wyo. Sept. 23, 2014) (declining *in limine* request to issue "a generic order to forbid Plaintiff from using vaguely defined language" as misleading or improper).

**MOTION IN LIMINE NO. 2: Exclusion of Arguments, Testimony, or Comments Referring to Plaintiff as a "Victim."**

- Zia's Response:  Oppose.  Tyson's motion is nonsensical in the context of a civil litigation.  As alleged in its Complaint, Zia (a small family owned business) was victimized by Tyson (a global food conglomerate).  Tyson's representative admits that it pursued Zia for weeks to procure as many Premium Cattle as possible for Tyson's eventual sale to Whole Foods.  Zia

3

then invested substantially in the Premium Cattle based on the high standards required to bring them to market.  When Tyson refused to purchase all the cattle Zia had procured and refused to pay Zia the agreed upon prices, Zia incurred millions of dollars in damages.  Tyson's Motion *In Limine* No. 1 does not seek to bar specifically identified evidence.  Instead, it seeks a general preclusion order, which, in effect, would undermine one of Zia's claims.  Moreover, New Mexico District Courts have held that the term "victim" is "prejudicial when the core issue at trial is whether a crime has been committed—and, therefore, whether there is a victim." *United States v. Sena*, No. 19-CR-01432, 2021 WL 4129247, at *1 (D.N.M. Sept. 9, 2021).  This is a civil case, not a criminal matter.

**MOTION IN LIMINE NO. 3**: References to Witnesses Not Called by Tyson.

- Zia's Response:  Oppose.  Since Zia filed its Complaint against Tyson, the majority of the key witnesses are no longer employed by Tyson as they have been fired or have quit the company.  On information and belief, these witnesses include Justin Nelson, Kevin Hueser, and John Gerber, who have each either been fired or have quit.  Tyson will very likely not call these witnesses, and Zia has a right to reference them.  Tyson's request to exclude witnesses it opts not to call is not supported by the Federal Rules, Jury Instructions or relevant authority.  First, any party who fails to properly make a disclosure in violation of Rule 26 may not use at trial any witnesses or information that was not disclosed, unless the court determines that the failure to disclose was substantially justified or harmless.  *See* Fed. R. Civ. P. 37(c)(1).  Moreover, "[i]f a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not." 3 Fed. Jury Prac. & Instr. § 104:25 (6th ed.); *see also* 3 Fed. Jury Prac. & Instr. § 104:26 (6th ed.) ("If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.").  Finally, other circuits have also held that district judges have broad discretion to

decide whether to give a missing-witness instruction. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 716 (7th Cir. 2004). The instruction is appropriate if the proponent establishes that "the missing witness was peculiarly in the power of the other party to produce." *Oxman v. WLS-TV*, 12 F.3d 652, 661 (7th Cir. 1993). If "the witness is physically available only to the opponent," the instruction is warranted. *Id*. Tyson's attempts to limit the testimony of relevant witnesses is improper.

**MOTION IN LIMINE NO. 4: References to any Motion in Limine, Discovery Disputes, and Other Motions and Court Rulings on Matters Outside the Jury's Presence.**

- Zia's Response:  Agree with modification that any such order be made mutual to all parties.

**MOTION IN LIMINE NO. 5: Exclusion of any Reference to any Settlement Offer or Lack Thereof, Offers of Judgment, and Other Correspondence Between the Parties and their Counsel.**

- Zia's Response:  Oppose due to vagueness of the phrase "other correspondence between the Parties and their Counsel" and the timing of the correspondence. Again, here Tyson seeks to exclude an undefined, vague range of statements which fail to provide any guidance as to what evidence it seeks to exclude. Tyson's Motion should be denied on this basis alone. *See Fleck*, 2014 WL 11498048 at *2 (declining *in limine* request to issue "a generic order to forbid Plaintiff from using vaguely defined language" as misleading or improper). Zia agrees to exclude any reference to any settlement offer or lack thereof, and any offers of judgment that occurred *after* the filing of its Complaint on May 8, 2020 (Dkt. No. 1).

**MOTION IN LIMINE NO. 6: Exclusion of All Requests by the Parties for Information or Documents in the Presence of the Jury.**

- Zia's Response:  Agree with modification that any such order be made mutual to all parties.

**MOTION IN LIMINE NO. 7: Exclusion of References or Comments Regarding Tyson's Attorneys Must be Excluded.**

- <u>Zia's Response</u>:  Oppose due to vagueness.  This motion is incomprehensible.  Tyson gives no indication of what "references or comments" or which "Tyson's attorneys" it even refers to.  Instead, Tyson seeks to exclude an undefined, vague range of statements which fail to provide any guidance whatsoever as to what evidence it seeks to exclude.  Tyson's Motion should be denied on this basis alone.  *See Fleck*, 2014 WL 11498048 at *2  (declining *in limine* request to issue "a generic order to forbid Plaintiff from using vaguely defined language" as misleading or improper).  Zia is willing to meet and confer with Tyson regarding this motion, but as drafted, it is incomprehensible.

**MOTION IN LIMINE NO. 8: Voir Dire Should be Limited to Avoid Improper Questioning.**

- <u>Zia's Response:</u>  Oppose.  Zia needs to be able to ask about a specific damages award during voir dire.  At the center of this case is Zia's allegation that Tyson has caused Zia incurred millions of dollars in damages.  *See* Compl. ¶ 61 (Dkt. No. 1).  Zia must be able to ask potential jurors questions about a specific damage award.  Moreover, Tyson seeks to exclude an undefined, vague range of statements which fail to provide any guidance as to what evidence it seeks to exclude.  Tyson's Motion should be denied on this basis alone.  *See Fleck*, 2014 WL 11498048 at *2 (declining *in limine* request to issue "a generic order to forbid Plaintiff from using vaguely defined language" as misleading or improper).

**MOTION IN LIMINE NO. 9: Exclusion of All References to Any Alleged Wrongdoing by Tyson Not Contained in the Pre-Trial Order.**

- <u>Zia's Response:</u>  Oppose.  The term "any alleged wrongdoing" is vague and undefined, and fails to provide any guidance as to what evidence Tyson seeks to exclude.  Tyson's Motion should be denied on this basis alone.  *See Fleck*, 2014 WL 11498048 at *2 (declining *in limine* request to issue "a generic order to forbid Plaintiff from using vaguely defined language" as misleading or improper).

**MOTION IN LIMINE NO. 10**: Exclusion of All References or Testimony of Prior Unrelated Litigation.

- <u>Zia's Response:</u>  Oppose.  Tyson has been litigating a number of cases with other suppliers regarding its business practices.  This evidence is very relevant to this case.  Moreover, Tyson has already relied on its relationships with other parties in this case.  *See* Tyson's Motion for Summary Judgment (Dkt. No. 56) at 4 regarding its selling arrangements with other parties.  Tyson's litigation with regard to its other selling arrangements are therefore already at issue and are relevant evidence.  Moreover, the term "unrelated" is vague and undefined, which fails to provide any guidance as to what evidence it seeks to exclude.  Tyson's Motion should be denied on this basis alone.  *See Fleck*, 2014 WL 11498048 at *2  (declining *in limine* request to issue "a generic order to forbid Plaintiff from using vaguely defined language" as misleading or improper).  Moreover, litigation pertaining to Tyson's selling arrangements is relevant because it has a "tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."  Fed. R. Evid. 401.

### IV.     CONCLUSION

For the foregoing reasons, Zia respectfully requests that the Court deny Tyson's motions *in limine* Nos. 1-3, 5, 8-10 and that Tyson's motions *in limine* Nos. 4, 6, 7 be made mutual as to all parties.

Executed on:   January 12, 2022              VENABLE LLP

By: */s/ John S. Worden*
John S. Worden (*pro hac vice*)
Sarah E. Diamond (*pro hac vice*)

101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.653.3750
Facsimile: 415.653.3755
Email:      JSWorden@venable.com
            SEDiamond@venable.com

        MARRS GRIEBEL LAW, LTD.
Clinton W. Marrs

1000 Gold Avenue SW
Albuquerque, NM 87102
Telephone: 505.433.3926
Facsimile: 505.639.4161
Email: clinton@marrslegal.com

*Attorneys for Plaintiff Zia Agricultural Consulting, LLC*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of January, 2022, I electronically filed the foregoing document with the Clerk of the Court for the District of New Mexico, Santa Fe Division, by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

Brian J. Fisher
David C. Larsen
Armand D. Huertaz
Nick Rimmer
MAYER LLP
9400 Holly Avenue NE, Building 3B
Albuquerque, NM 87122
Telephone: 505.595.1414
Email: bfisher@mayerllp.com
dlarsen@mayerllp.com
ahuertaz@mayerllp.com
nrimmer@mayerllp.com

*Attorneys for Defendant Tyson Foods, Inc. and Tyson Fresh Meats, Inc.*

By: */s/ John S. Worden*
John S. Worden