UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ZIA AGRICULTURAL
CONSULTING, LLC,

    Plaintiff,

v.                                        Case No. 1:20-cv-00445-MIS-JHR

TYSON FOODS, INC. and TYSON
FRESH MEATS, INC.,

    Defendants.

**DEFENDANTS TYSON FOODS, INC. AND TYSON FRESH MEATS. INC.'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REFERENCE TO "CARBON FOOTPRINT," "ENVIRONMENTAL IMPACT" AND SIMILAR IRRELEVANT TOPICS**

    Defendants, Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (hereinafter, collectively "Tyson"), by and through their counsel of record, Mayer, LLP, (Brian J. Fisher, David C. Larsen, and Nicholas J. Rimmer) submit the following Reply to Plaintiff Zia Agricultural Consulting, LLC's Opposition to Defendant's *Motion in Limine* to Exclude Reference to "Carbon Footprint," "Environmental Impact," and Similar Topics (hereinafter, "Response"), stating:

**I.    INTRODUCTION**

    1.    Plaintiff Zia Agricultural Consulting, LLC (hereinafter, "Plaintiff") claims that Tyson's motion *in limine* to exclude reference to "carbon footprint," "environmental impact" and similar topics is "nonsensical." Plaintiff then embarks on a convoluted argument regarding the fundamental nature of the instant controversy in a failing attempt to justify and connect "carbon footprint" and

"environmental impact" to Plaintiff's claims intended to be presented at trial. Plaintiff fails to address the fundamental fact that at no time in this suit, in pleadings or discovery, has Plaintiff presented even the barest causal connection between Plaintiff's claims and environmental issues. Tyson's motion *in limine* seeking to exclude reference to "carbon footprint," "environmental impact," and similar topics should be granted in its entirety.

## II.    ARGUMENT AND AUTHORITIES

2.    Contrary to Plaintiff's allegations that no evidence has been presented as a basis for exclusion, at deposition counsel for Plaintiff asked a series of questions regarding "carbon footprint," "environmental impact" and other similarly irrelevant, inadmissible, and prejudicial topics. *See* **Exhibit A** to Tyson's Motion to Exclude. The unfairness and prejudice of such questioning is obvious. At no time in any pleading or discovery has Plaintiff asserted any claim even minimally connected to environmental issues and any such references at trial should be excluded as a matter of equity and fundamental fairness.

3.    Plaintiff's argument regarding the relevance of environmental issues to the breach of contract claim is tendentious at best. Plaintiff claims that the cattle at issue created a disruption to the environment which in turn contributed to the alleged harm to Plaintiff resulting from a breach of contract. Plaintiff has presented no evidence in this matter that it managed or owned any of the feedlots in question where the cattle at issue were held. Plaintiff is simply creating animosity and prejudice against Tyson based on vague allegations of the environmental impacts of

cattle.

4. Plaintiff has presented no evidence that environmental impact had any causal connection to the alleged breach of contract. Plaintiff has presented no expert in this matter or discovery related to environmental impact. The deposition testimony of Narciso Perez cited has no connection to the breach of contract claim and is another example of testimony regarding "carbon footprint" and "environmental impact" that should be excluded from trial. Plaintiff, and their counsel, have not raised, implicitly or explicitly, any cause of action related to "carbon footprint," "environmental impact," or other environmental concerns in any pleading in this matter. Allowing Plaintiff's counsel to raise such issues on the eve of trial would be highly prejudicial and should be excluded pursuant to FED. R. EVID. 403.

5. Evidence regarding the "carbon footprint" of cattle, feedlot or any other component of the cattle industry is not relevant to any issue in this case. Plaintiff has failed to prove that evidence and testimony regarding "carbon footprint," "environmental impact," or other environmental concerns is relevant to any element of a claim presented at trial. *See, e.g., United States v. Samaniego,* 187 F.3d 1222, 1224 (10th Cir. 1999) (burden of proving admissibility is on proponent of evidence); *see also Curtis v. Oklahoma City Pub. Sch. Bd. of Educ.,* 147 F.3d 1200, 1218 n.21 (10th Cir. 1998) (*citing Boren v. Sable,* 887 F.2d 1032, 1037-38 (10th Cir. 1989)). Plaintiff is unable to meet the standard of federal law, and evidence and testimony of "environmental impact," "carbon footprint," and similar environmental issues should be excluded pursuant to FED. R. EVID. 402.

6. Based on the foregoing, Tyson respectfully requests the Court grant Tyson's Motion excluding "environmental impact," "carbon footprint," and references to similar environmental issues from trial and enter an Order consistent with the same.

## III. CONCLUSION

Defendants, Tyson Foods, Inc. and Tyson Fresh Meats, Inc. respectfully request that the Court enter an Order *in limine* excluding evidence, arguments, and references to "carbon footprint," "environmental impact" and other similarly irrelevant, inadmissible and prejudicial topics from trial.

Respectfully submitted,

**MAYER LLP**

By:   */s/ Brian J. Fisher*
     Brian J. Fisher
     David C. Larsen
     Nicholas J. Rimmer

9400 Holly Avenue NE, Building 3B
Albuquerque, New Mexico 87122
Telephone: 505.595.1414
Facsimile: 505.595.1415
Email:   bfisher@mayerllp.com
         dlarsen@mayerllp.com
         nrimmer@mayerllp.com

*Attorneys for Defendant Tyson Foods, Inc. and Tyson Fresh Meats, Inc.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 26, 2022, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send Notice of Electronic Filing to all counsel of record.

| | |
|---|---|
| Clinton W. Marrs | John S. Worden |
| Matthew J. Bouillon | Sarah Diamond |
| MARRS GRIEBEL LAW, LTD. | SCHIFF HARDIN LLP |
| 1000 Gold Avenue SW | 4 Embarcadero Center, Suite 1350 |
| Albuquerque, New Mexico 87102 | San Francisco, California 94111 |

      By:   */s/ Brian J. Fisher*
              Brian J. Fisher