UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ZIA AGRICULTURAL
CONSULTING, LLC,

    Plaintiff,

v.                                        Case No. 1:20-cv-00445-MIS-JHR

TYSON FOODS, INC. and TYSON
FRESH MEATS, INC.,

    Defendants.

**DEFENDANTS TYSON FOODS, INC. AND TYSON FRESH MEATS. INC.'S REPLY IN SUPPORT OF OMNIBUS MOTION IN LIMINE**

Defendants, Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (hereinafter, collectively "Tyson"), by and through their counsel of record, Mayer, LLP, (Brian J. Fisher, David C. Larsen, and Nicholas J. Rimmer), submit the following Reply to Plaintiff Zia Agricultural Consulting, LLC's Response and Opposition to Defendants' Omnibus Motion *in Limine* (hereinafter, "Response"), stating:

**I.    INTRODUCTION**

1.   While Plaintiff Zia Agricultural Consulting, LLC's (hereinafter, "Plaintiff") Response alleges that Tyson's Omnibus Motion *in Limine* should be denied as vague and incomprehensible, Plaintiff nonetheless stipulates to Tyson's motions *in limine* Nos. 4, 6, and 7. Tyson's remaining motions *in limine* Nos, 1, 2, 3, 5, 8, 9, and 10 should also be granted as each addresses matters that, if introduced at trial, will cause irreparable harm and prejudice to Tyson. Plaintiff's Response makes it clear that not only does Plaintiff intend to introduce prejudicial and

irrelevant evidence, but they only intend to do so because it is "bad evidence against Tyson." Based on Plaintiff's cavalier attitude towards the Federal Rules of Evidence and the principles of a fair trial, Tyson's motions *in limine* should be granted in their entirety.

## II.     ARGUMENT AND ANALYSIS

**MOTION IN LIMINE NO. 1:** Exclusion of Plaintiffs' Counsels' Personal Beliefs and Opinions about the Case, the "Justice" of the Case, or of Plaintiff's "Right" to Recover Damages.

5.      Plaintiff opposes motion *in limine* No. 1 while also admitting that Plaintiff will stipulate to the exclusion of personal beliefs and opinions about the case at trial, and while agreeing that counsels' personal beliefs and opinions about the case are irrelevant, unreliable, and improper evidence pursuant to FED. R. EVID. 401, 403, 701 and 703. Plaintiff's only opposition is that the concepts of "justice" and "right to recover damages" are too vague. But Plaintiff's stipulation to the substance of the instant motion *in limine* indicates that Plaintiff does in fact understand the requested relief and that Plaintiff's counsels' opinions regarding "justice" and "right to recover damages" should be also excluded. Based on the foregoing, an order should be entered excluded testimony or argument regarding Plaintiffs' counsels' personal beliefs and opinions about the case, including the "justice" or "right to recover damages."

**MOTION IN LIMINE NO. 2:** **Exclusion of Arguments, Testimony, or Comments Referring to Plaintiff as a "Victim."**

6. Plaintiff objects to the exclusion of reference, evidence, testimony, or argument describing Plaintiff as a "victim" or other words to that effect. Plaintiff appears to argue that the term "victim" should not be excluded, while also recognizing that the instant suit is not a criminal proceeding and use of the term "victim" is prejudicial *even when* the core issue at trial is whether a crime has been committed. *See United States v. Sena*, 19-CR-01432, 2021 WL 4129247 (D.N.M. Sept 9, 2021) [emphasis added]. As this matter is not a criminal proceeding, use of the phrase "victim" to describe Plaintiff can only be intended to inflame the jury and cause prejudice. FED. R. EVID. 403. Federal trial courts in both civil and criminal matters recognize that the use of the term "victim" to describe a party, even in the context of a criminal proceeding, is wholly inappropriate and substantially likely to cause substantial prejudice. Tyson's motion *in limine* No. 2 should be granted in its entirety and any argument that Plaintiff is a "victim" should be excluded from trial.

**MOTION IN LIMINE NO. 3:** **References to Witnesses Not Called by Tyson.**

7. Plaintiff's dispute with Tyson's motion *in limine* No. 3 appears to be resolved in Tyson's favor by Plaintiff's own argument. Tyson's motion *in limine* No. 3 seeks to preclude Plaintiff from offering evidence or argument about witnesses Tyson does not call to trial. Plaintiff notes that in written discovery, Tyson disclosed potential fact witnesses who possibly had some relevant testimony or who may have led to the discovery of relevant evidence. Plaintiff then cites to a federal practice

handbook for the proposition that Plaintiff can now reference every witness not called by Tyson, implying that Tyson's failure to call any such witness means that the person's testimony was unfavorable to Tyson. Plaintiff's argument confirms the tendentious nature of the opposition to motion *in limine* No. 3 and supports exclusion of references to non-testifying witnesses. Additionally, Plaintiff's argument confirms that Plaintiff does not intend to rely on evidence or testimony of available witnesses to support claims at trial, but rather seek to infer misconduct through improperly raising issues surrounding Tyson's trial strategy. Plaintiff's inferences regarding witnesses is irrelevant, speculative, implicates the attorney-client privilege, and implicates the attorney work-product doctrine. Based on the foregoing, Tyson's motion *in limine* No. 3 should be granted in its entirety.

**MOTION IN LIMINE NO. 4: References to any Motion in Limine, Discovery Disputes, and Other Motions and Court Rulings on Matters Outside the Jury's Presence.**

8. Tyson's motion *in limine* No. 4 is agreed upon with the stipulation that it applies to all counsel. Tyson agrees to such a stipulation and asks that the Court enter an order pursuant to FED. R. EVID. 401 and 403.

**MOTION IN LIMINE NO. 5: Exclusion of any Reference to any Settlement Offer or Lack Thereof, Offers of Judgment, and Other Correspondence Between the Parties and their Counsel.**

9. In response to Tyson's motion *in limine* No. 5, Plaintiff stipulates to the requested relief while still arguing that motion should be denied. Plaintiff's primary argument against the relief is that the motion is too vague and should be denied solely on that basis. However, Plaintiff then proceeds to present an argument regarding specific settlement negotiations, clearly showing that Plaintiff knows precisely what

communications should be excluded from trial. In the Response, Plaintiff references communications made prior to the filing of suit, appearing to argue that introduction of the same is appropriate and should be allowed. Tyson disputes the introduction of any such communication as evidence, reference or argument regarding settlement or negotiations between the parties at any time should be excluded from trial. *See* FED. R. EVID. 408. If Plaintiff wishes to rely on pre-suit communications as evidence in this matter, that evidence should be redacted to remove settlement and negotiations. Based on the foregoing, Tyson requests that motion *in limine* No. 5 be granted in its entirety.

### MOTION IN LIMINE NO. 6: Exclusion of All Requests by the Parties for Information or Documents in the Presence of the Jury.

10. Tyson's motion *in limine* No. 6 is agreed upon with the stipulation that it applies to all counsel. Tyson agrees to such a stipulation and asks that the Court enter an order pursuant to FED. R. EVID. 403.

### MOTION IN LIMINE NO. 7: Exclusion of References or Comments Regarding Tyson's Attorneys Must be Excluded.

11. Tyson's motion *in limine* No. 7 is self-explanatory. As stated in Tyson's briefing, evidence regarding the size, residence, or resources of any *retained* firm or counsel is irrelevant. FED. R. EVID. 401. "Retained counsel" has a clear meaning and in the instant case would include undersigned counsel. Any evidence regarding Tyson's retained counsel should be categorically excluded from trial due to extreme prejudice. FED. R. EVID. 403. Tyson requests that motion *in limine* No. 7 be granted in its entirety.

### MOTION IN LIMINE NO. 8: Voir Dire Should be Limited to Avoid

**Improper Questioning.**

12. Plaintiff again objects to Tyson's motion *in limine* No. 8 as incomprehensible, while clearly stating that Plaintiff's intends to argue that "Tyson has cause Zia incurred [sic] millions of dollars in damages." This *voir dire* questioning is improper, prohibiting prospective jurors from rendering a fair and impartial decision based on the evidence, not having prospective jurors prejudge the case prior to the presentation of evidence. The only proper question regarding damages is whether the juror could award as little or as much in damages in this case as the evidence might support. Accordingly, Tyson respectfully requests that the Court grant the motion and prohibit any *voir dire* questioning regarding the ability to award a specific amount of damages for the reasons stated herein.

**MOTION IN LIMINE NO. 9:** Exclusion of All References to Any Alleged Wrongdoing by Tyson Not Contained in the Pre-Trial Order.

13. Plaintiff makes no substantive argument against Tyson's motion *in limine* No. 9 except to say that term "any alleged wrongdoing" is "vague and undefined." Tyson request is clear–the Court should preclude Plaintiff from referring to allegations of any improper conduct or other wrongdoing by Tyson not included in the final pretrial order. Plaintiff should not be allowed to present new, previously undisclosed claims and allegations against Tyson during the course of trial without leave of the court as doing so would constitute unfair surprise and prejudice. FED. R. EVID. 403. Tyson requests that motion *in limine* No. 9 be granted in its entirety, excluding all references to alleged wrongdoing by Tyson not contained in the pre-trial order.

**MOTION IN LIMINE NO. 10: Exclusion of All References or Testimony of Prior Unrelated Litigation.**

14. Plaintiff object to motion *in limine* No. 10, claiming that Tyson has relied on evidence regarding "relationships" and that such a reliance would open the door to references or testimony of prior unrelated litigation. Plaintiff does not dispute the clear precedent testimony, evidence or argument regarding litigation is irrelevant, not admissible at trial and prejudicial. *See Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 705 F.Supp.2d 1265. Besides a vague statement that such evidence is "very relevant to this case," Plaintiff makes no specific argument for admissibility as to why evidence of unrelated litigation is relevant and should therefore be admitted contrary to FED. R. EVID. 401 and 402. Tyson requests that motion *in limine* No. 10 be granted in its entirety, and that Plaintiff be excluded from referencing or presenting testimony from prior, unrelated litigation.

### III.   CONCLUSION

Defendants, Tyson Foods, Inc. and Tyson Fresh Meats, Inc. respectfully request that each of its Motions *in Limine* identified herein be granted and that the identified evidence, references and arguments be excluded, and for any other and further relief this Court deems just and proper.

Respectfully submitted,

**MAYER LLP**

By:   */s/ Brian J. Fisher*
      Brian J. Fisher
      David C. Larsen
      Nicholas J. Rimmer

9400 Holly Avenue NE, Building 3B
Albuquerque, New Mexico 87122
Telephone: 505.595.1414
Facsimile: 505.595.1415
Email:    bfisher@mayerllp.com
           dlarsen@mayerllp.com
           nrimmer@mayerllp.com

*Attorneys for Defendant Tyson Foods, Inc. and Tyson Fresh Meats, Inc.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on January 26, 2022, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send Notice of Electronic Filing to all counsel of record.

| | |
|---|---|
| Clinton W. Marrs | John S. Worden |
| Matthew J. Bouillon | Sarah Diamond |
| MARRS GRIEBEL LAW, LTD. | SCHIFF HARDIN LLP |
| 1000 Gold Avenue SW | 4 Embarcadero Center, Suite 1350 |
| Albuquerque, New Mexico 87102 | San Francisco, California 94111 |

By:   */s/ Brian J. Fisher*
          Brian J. Fisher