UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ZIA AGRICULTURAL CONSULTING, LLC,

    Plaintiff,

v.

TYSON FOODS, INC. and TYSON FRESH MEATS, INC.,

    Defendants.

CASE NO. 1:20-cv-445-MIS-JHR

### PLAINTIFF ZIA AGRICULTURAL CONSULTING, LLC'S MOTIONS *IN LIMINE*

Plaintiff Zia Agricultural Consulting, LLC moves this Court for Orders *in limine* excluding evidence, references, and arguments identified herein from trial, and as a basis for which states:

### I.    INTRODUCTION

This is a simple case, and Tyson's lead witness has already admitted in deposition every seminal fact. In late 2018 and early 2019, Tyson's head of cattle procurement, Robert "Bob" Scherer, called Plaintiff a dozen times begging for "natural" cattle for Tyson to sell to Whole Foods. In response, on February 4, 2019, Zia sent Tyson a detailed cost proposal, setting forth the location, weight and most importantly price of every single head. Scherer admits he reviewed it, and he immediately emailed back: "This looks good, get them in a finish yard, asap please." After Zia delivered over 8,000 head of natural cattle, Tyson refused to pay the amount agreed upon. Tyson owes Zia at least $2.5 million just for that cattle alone.

Confronted by these undisputed facts, Tyson has attempted to seek evidence outside the scope of relevant, probative and admissible discovery. As set forth below, Plaintiff seeks to exclude this prejudicial and irrelevant discovery. While the Parties have stipulated and agreed as to Zia's Stipulated Motions *in Limine* 1-3, Defendants oppose Zia's Motions *in Limine* 4-5.

## II. ARGUMENT

Before any proceedings occur in the presence of the Jury, and prior to *voir dire* examination of the jury panel, Plaintiff seeks to exclude any and all matters that are irrelevant, inadmissible, or prejudicial to the material issues in this case. If such matters are introduced into the trial of this case through a party, witness, or attorney, such introduction will cause irreparable harm to Plaintiff, which would not be cured by any jury instruction.

Plaintiff requests that the Court order that Defendants, their attorneys, and all other persons involved in this case on their behalf, are instructed not to mention or bring the Jury, either directly or indirectly, upon *voir dire*, opening statements, interrogation of witnesses, argument, objections before the Jury, or any other means or manner inform the Jury or bring to the Jury's attention any of the matters set forth in the paragraphs below, unless and until such matters have been first called to the Court's attention, out of the presence and/or hearing of the Jury, and a favorable ruling has been received as to the admissibility and relevance of such matters.

Plaintiff requests that the Court order that counsel for Defendants be instructed to inform all witnesses called by Defendants not to volunteer, disclose, state or mention to the Jury any of the below-enumerated matters, without first asking for a ruling from the Court, out of the hearing of the Jury, on the admissibility of the evidence.

Plaintiff further requests that the Court order that the violation of any of these instructions would constitute harm and deprive Plaintiff of a fair and impartial trial, and to instruct Defendants' counsel that the failure to abide by such order may constitute contempt and necessitate a mistrial.

A.      **STIPULATED MOTIONS *IN LIMINE*_**

**STIPULATED MOTION *IN LIMINE* NO. 1:** **The Parties have stipulated and agreed that no reference to, or mention of, the fact that attorneys John Worden and Sarah Diamond do not reside in New Mexico will be made at trial.**

Reference to the fact that Plaintiff's attorneys, John Worden and Sarah Diamond, do not reside in New Mexico should be excluded during trial because it is irrelevant, unreliable, and not proper evidence pursuant to Fed. R. Evid. 401, 402, and 403.  If allowed, this information would be designed solely to prejudice Plaintiffs.  Accordingly, any potentially probative value of these other lawsuits is substantially outweighed by unfair prejudice to Zia, confusing the issues, and misleading the Jury.  Counsel for Defendants has agreed to stipulate to exclude any evidence of where attorneys John Worden and Sarah Diamond reside.

**STIPULATED MOTION *IN LIMINE* NO. 2:**  **The Parties have stipulated and agreed that no reference to, or mention of, Narciso Perez's alleged DUI shall be made at trial.**

Reference to or mention of Narciso Perez's testimony concerning a DUI should be excluded during trial because it is irrelevant, highly prejudicial and not proper evidence pursuant to Fed. R. Evid. 401, 402, and 403.  If allowed, this information would be designed solely to prejudice Plaintiff.  Accordingly, any potentially probative value of these other lawsuits is substantially outweighed by unfair prejudice to Zia, confusing the issues, and misleading the Jury.  Counsel for Defendants has agreed to stipulate to exclude any evidence of Narciso Perez's alleged DUI.

**STIPULATED MOTION *IN LIMINE* NO. 3:**  **The Parties have stipulated and agreed that no reference to, or mention of, Narciso Perez's relationship with his daughter shall be made at trial.**

Reference to Narciso Perez's lack of contact with his daughter should be excluded during trial because it is irrelevant, unreliable, highly prejudicial and not proper evidence pursuant to Fed. R. Evid. 401, 402, and 403.  If allowed, this information would be designed solely to prejudice Plaintiff.  Accordingly, any potentially probative value of these other lawsuits is

substantially outweighed by unfair prejudice to Zia, confusing the issues, and misleading the Jury. Counsel for Defendants has agreed to stipulate to exclude any evidence of Narciso Perez's daughter.

B.      **CONTESTED MOTIONS** *IN LIMINE*

**MOTION** *IN LIMINE* **NO. 4:  Exclusion of all other pending litigation involving Zia Agricultural Consulting, LLC, Narciso Perez, or Sean Perez from trial.**

Reference to, or mention of, any other pending litigation involving Zia, Narciso Perez or Sean Perez should be excluded during trial because it is irrelevant, improper, and prejudicial pursuant to Fed. R. Evid. 401, 402, and 403. Zia has been in business for decades and, as a result, has been involved in prior litigation. However, there is no pending litigation involving Zia, Narciso Perez or Sean Perez that involves cattle pricing or has any relevancy to this action. Reference to, or mention of, any other pending litigation is irrelevant and will confuse the Jury, and will be prejudicial to Plaintiff.

Irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable, is inadmissible. *See* Fed. R. Evid. 402. "The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence." *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009) (citing Fed. R. Evid. 401, 402, 403). The Tenth Circuit has held that "[e]vidence may be unfairly prejudicial if it would likely provoke the jury's emotional response or would otherwise tend to adversely affect the jury's attitude toward a particular matter." *Sec. & Exch. Comm'n v. Goldstone*, No. CIV 12-0257, 2016 WL 3654279, at *8 (D.N.M. June 9, 2016) (*citing United States v. Rodriguez*, 192 F.2d 946, 951 (10th Cir. 1999)). Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The decision to admit or exclude evidence pursuant to Rule 403 is within the trial court's discretion. *See United*

4

*States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999). "The trial court's discretion to balance possible unfair prejudice against probative value is broad." *Goldstone*, 2016 WL 3654279, at *8 (citing *United States v. Bice-Bey*, 701 F.2d 1086, 1089 (4th Cir. 1983)).

Here, evidence of pending lawsuits involving Plaintiff should be excluded because the possible prejudice to Plaintiff outweighs any probative value. *See* Fed. R. Evid. 403. Further, evidence of pending lawsuits involving Plaintiff are not relevant to this action, and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence and argument regarding other lawsuits involving Plaintiff would serve no purpose other than to mislead the Jury into erroneously believing that because Zia is involved in other lawsuits, there must be some merit to Defendants' claims. Accordingly, any potentially probative value of these other lawsuits is substantially outweighed by unfair prejudice to Zia, confusing the issues, and misleading the Jury. *See Goldstone*, 2016 WL 3654279, at *8 (granting defendants' motion *in limine* to preclude evidence or argument relating to claims brought against defendants in any other litigation where the other claims had no relevance to the issues in the present case). The Court should exclude any reference to, or mention of, other pending litigation involving Zia, Narciso Perez or Sean Perez.

**MOTION *IN LIMINE* NO. 5: Exclusion of any reference to, or mention of, Robert Scherer not being employed by Tyson Fresh Meats, Inc.; Zia suing the wrong Tyson entity in this action; Zia contracting with the wrong Tyson entity; or Tyson otherwise using the existence of the two Tyson entities to advance its position by confusing the Jury.**

Reference to, or mention of, the differences between Tysons Foods, Inc. and Tyson Fresh Meats, Inc. should be excluded during trial because it is unreliable and very likely to confuse the Jury pursuant to Fed. R. Evid. 401, 402, and 403. The Court denied Tyson's Motion To Dismiss For Lack Of Personal Jurisdiction on January 25, 2021 (Dkt. No. 23). Tyson should be precluded from referencing or mentioning a lack of involvement by Tyson Foods in this case.

As demonstrated below, Robert Scherer, Tyson's main witness in this case, continues to represent himself on social media as a long time *Tyson Foods* employee.

5



*See* Dkt. No. 19.1 (Exhibit 1 to Zia's Opposition to Tyson's Motion To Dismiss For Lack Of Personal Jurisdiction). Plaintiff should be precluded from attempting to confuse the Jury based on the two named Tyson entities. Nevertheless, Plaintiff is willing to meet and confer with Defendants to reach an agreement to narrow the two Tyson Defendants down to one, provided there will be no arguments by Tyson that Zia had an agreement with, or sued, the wrong entity.

### III.    MEET AND CONFER

Pursuant to D.N.M.LR-CV. 7.1(a), counsel for Defendants was provided a copy of the Motion and the Motion is opposed as to Zia's Motions *in Limine* Nos. 4 and 5.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that each of its Motions *in Limine* herein be granted and that the identified evidence, references and arguments be excluded, and for any other and further relief this Court deems just and proper.

Dated May 5, 2022                              VENABLE LLP

                                          By: */s/ John S. Worden*
                                                John S. Worden
                                                Sarah E. Diamond
                                        101 California Street, Suite 3800
                                        San Francisco, CA 94111
                                        Telephone: 415.653.3750
                                        Email:  JSWorden@venable.com
                                                       SEDiamond@venable.com
                                        *Attorneys for Plaintiff Zia Agricultural Consulting, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of May, 2022, I caused the foregoing to be served electronically, which caused the following counsel to be served by electronic means and that a copy was sent by email to:

Brian J. Fisher
Shawn Cummings
MAYER LLP
9400 Holly Avenue NE, Building 3B
Albuquerque, NM 87122
Telephone: 505.595.1414
Email: bfisher@mayerllp.com
scummings@mayerllp.com

*Attorney for Defendant Tyson Foods, Inc. and Tyson Fresh Meats, Inc.*

By:   */s/ John S. Worden*
John S. Worden