IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZIA AGRICULTURAL
CONSULTING, LLC,

      Plaintiff,

      v.                                     No. 1:20-cv-00445-MIS-JHR

TYSON FOODS, INC. and TYSON
FRESH MEATS, INC.,

      Defendants.

**DEFENDANTS TYSON FOODS, INC. AND TYSON FRESH MEATS, INC.'S
SUPPLEMENTAL BRIEF REGARDING OBJECTIONS TO
PLAINTIFF'S PROPOSED WITNESS BRADLEY BRANDENBURG**

Defendants, Tyson Foods, Inc. ("Tyson Foods"), and Tyson Fresh Meats, Inc.
("Tyson Fresh Meats") (collectively, "Defendants"), by and through their counsel of
record, Mayer LLP (Brian J. Fisher and Shawn S. Cummings), submit this
Supplemental Brief Regarding Objections to Plaintiff's Proposed Witness Bradley
Brandenburg.

**I.    Plaintiff seeks to call Bradley Brandenburg as a trial witness after
failing to disclose him in the body of any pleading, in any written
response to discovery requests served, or in any required disclosure.**

1.    At the Pretrial Conference held on May 17, 2022, the Court heard
arguments regarding Defendants' objections to Plaintiff's proposed trial witness,
Bradley Brandenburg, who was never even disclosed by Plaintiff as an individual
likely to have discoverable information in this litigation – much less a potential
witness – prior to the filing of Plaintiff's Trial Witness List on May 9, 2022 (Doc. 100).
Mr. Brandenburg's name was not divulged by Plaintiff in the body of any pleading or

in any written response to discovery requests until that disclosure in Plaintiff's Trial Witness List, which did not occur until over *six months* after the close of discovery, one week prior to the Pretrial Conference, and just sixty days prior to trial.

2.      As stated in Defendants' original objections to Mr. Brandenburg, "a witness who has not been timely disclosed may not testify at trial unless good cause is shown for the witness's late disclosure." *See Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002). The Federal Rules of Civil Procedure mandate that all witnesses, regardless of their status, must be identified in a party's discovery responses. *See* FED. R. CIV. P. 26(a). The Court indicated at the pre-trial conference that it would go back and look at Plaintiff's disclosure – or lack thereof – of Mr. Brandenburg prior to making a ruling on the exclusion of Mr. Brandenburg as a witness (Doc. 110).

3.      Defendants provide this Supplemental Brief reiterating their position as originally stated in Defendants' Objection to Plaintiff Zia Agricultural Consulting, LLC's Trial Witness List filed on May 9, 2022 (Doc. 107), requesting the exclusion of Mr. Brandenburg because he had never been disclosed in the body of any pleading or motion, in response to any discovery request served, or in any required disclosure as an individual likely to have discoverable information prior to the filing of Plaintiff's trial witness list on May 9, 2022. In Plaintiff's Initial Disclosures, Mr. Brandenburg was not disclosed as an "individual likely to have discoverable information" as required by Federal Rule of Civil Procedure 26(a)(1)(A). Moreover, Plaintiff failed to ever provide any supplementation whatsoever identifying Mr. Brandenburg in any

way subsequent to serving its Initial Disclosures, as is required by Federal Rule of

Civil Procedure 26(e).

4.      In Plaintiff's discovery responses throughout the discovery phase of this

litigation – which ended on November 1, 2021, Mr. Brandenburg was never disclosed

as a potential trial witness or even as an "individual likely to have discoverable

information." Not until over six months after the close of discovery, one week prior

the Pretrial Conference, and sixty days before trial did Plaintiff disclose Mr.

Brandenburg as a potential trial witness.

5.      At the Pretrial Conference, Plaintiff's counsel represented for the first

time that Mr. Brandenburg was not disclosed by Plaintiff because he was not initially

expected to come to trial due to health issues, but that he is now available to attend

trial. Plaintiff also argued that although Mr. Brandenburg was never disclosed as an

individual likely to have discoverable information, Mr. Brandenburg's name came up

in at least one deposition. Plaintiff offers no further excuse for its failure to disclose

Mr. Brandenburg as an individual likely to have discoverable information.

**II.     Bradley Brandenburg was not timely disclosed by Plaintiff as an individual likely to have discoverable information, and must not now be permitted to testify as a trial witness.**

6.      If Mr. Brandenburg is allowed to testify as a witness at trial, Defendants

will be prejudiced. Specifically, Defendants will have been improperly deprived of the

opportunity to obtain discovery regarding his proposed trial testimony, because

Defendants (1) were not provided any disclosure or written discovery response

indicating that Plaintiff viewed Mr. Brandenburg as an individual likely to have

discoverable information at any time during the discovery period, and (2) were not given any indication that Mr. Brandenburg was even a potential trial witness until one week before the Pretrial Conference and approximately sixty days before trial. Simply stated, there is no basis or excuse for the late disclosure of Mr. Brandenburg as an individual likely to have discoverable information, much less a possible trial witness, and Plaintiff must not be rewarded for its failure to follow the disclosure protocols set forth in the Federal Rules of Civil Procedure. For these reasons, Defendants submit that Mr. Brandenburg must be excluded as a witness at the upcoming trial of this matter.

## III.    Conclusion.

Defendants, Tyson Foods, Inc., and Tyson Fresh Meats, Inc., respectfully request that Bradley Brandenburg be excluded from testifying as a witness at trial. Defendants further request any and all other relief, whether in equity or at law, to which they may be justly entitled.

Respectfully submitted,

**MAYER LLP**

By:      */s/ Brian J. Fisher*
      Brian J. Fisher
      Shawn S. Cummings

9400 Holly Avenue NE, Building 3
Albuquerque, New Mexico 87122
Telephone: 505.483.1840
Facsimile: 505.483.1841
Email:      BFisher@mayerllp.com
          SCummings@mayerllp.com

*Attorneys for Defendants Tyson Foods, Inc.*
*and Tyson Fresh Meats, Inc.*


## CERTIFICATE OF SERVICE

This is to certify that on the 31st day of May, 2022, a true and correct copy of the foregoing has been served on all counsel of record via CM/ECF.

By:      */s/ Brian J. Fisher*
      Brian J. Fisher

8153586v2 (58140.00207)