## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ZIA AGRICULTURAL**
**CONSULTING, LLC,**

     **Plaintiff,**

**v.**                                           **No. 1:20-cv-00445-MIS-JHR**

**TYSON FOODS, INC. and TYSON**
**FRESH MEATS, INC.,**

     **Defendants.**

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE NUMBER 10

Defendants, Tyson Foods, Inc., and Tyson Fresh Meats, Inc. (hereinafter, collectively, "Defendants" or "Tyson"), hereby submit the following Brief in Support of its Motion in Limine Number 10 and states the following:

**I.**     **BACKGROUND**

1.    Plaintiff, Zia Agricultural Consulting, LLC ("Plaintiff" or "Zia Consulting"), filed the present lawsuit on May 8, 2020, against Defendants, asserting a breach of contract cause of action based on an alleged failure on the part of Defendants to pay the full amounts due and owed pursuant to an alleged contract.[1]

2.    Plaintiff has indicated its desire to introduce (1) evidence of prior unidentified and undisclosed litigation involving Defendants, and (2) undisclosed excerpts from unidentified Congressional hearings in which one or more representatives of Defendants might have testified on the broad topic of the state of

---

[1] *See* Pl.'s Orig. Pet. at 7-8.

beef or cattle industry in the United States. Defendants submit that such evidence must be excluded from the trial of this matter because: (1) pursuant to Federal Rule of Evidence 404(b), evidence of a past act is not admissible to show that on a particular occasion Defendants acted in accordance with the character; (2) the proposed evidence is irrelevant to these proceedings pursuant to Federal Rule of Evidence 401; and (3) the prejudicial effect of the proposed evidence would substantially outweigh its probative value, and is therefore inadmissible pursuant to Federal Rule of Evidence 403.

## II.    SUMMARY OF ARGUMENT

3.    Any attempt by Plaintiff to introduce evidence of prior litigation or unidentified excerpts from Congressional hearings in which representatives of Defendants might have testified should be excluded at trial because it is barred by Rule 404(b), is irrelevant to the proceedings, and would have an unduly prejudicial effect. It is abundantly clear that Plaintiff is seeking this Court's permission to use prior undisclosed litigation involving Defendants as well as unidentified Congressional hearings in which Defendants' representatives offered testimony in an improper and impermissible attempt to establish (1) that Defendants are acting in the same manner now, (2) Plaintiff's motive for unilaterally developing the "cost-plus model," and (3) Plaintiff's claim of unfairness in the American beef processing industry. Each of these issues, of course, are wholly unrelated to whether or not Plaintiff and Defendants entered into Plaintiff's unilaterally-created "cost plus model" agreement. Even if the evidence sought to be introduced by Plaintiff was relevant, it should still be excluded because of its limited probative value and the

unduly prejudicial effect it would cause. Lastly, Tyson asks that if the introduction of this evidence is allowed by the Court, Tyson be permitted to rescind its agreement to exclude evidence of previous litigation involving Plaintiff, since such evidence might also be utilized by Defendants for similar purposes.

4.     Most importantly, however, is Plaintiff's complete lack of disclosure. Although Plaintiffs now ask this Court for almost unlimited latitude to introduce into evidence past litigation involving Defendants, at no time during the discovery process – or even up to the time of the filing of this Brief – have Plaintiff's provided any disclosure or indication of what other litigation involving Defendants they seek to utilize. Even more bizarrely, Plaintiffs have represented to this Court that it seeks to introduce testimony of unnamed representatives of Defendants as unidentified "Congressional hearings" in spite of never disclosing information regarding what representatives or what hearings to which they are referring. Allowing Plaintiff such broad latitude for the introduction of proffered evidence that has never been properly disclosed or even identified is incredibly prejudicial to Defendants, and would amount to little more than an inherently unfair trial by ambush.

## III.   ARGUMENT AND AUTHORITIES

### A.     Pursuant to Federal Rule of Evidence 404(b), evidence of any act is not admissible to show that on a particular occasion Defendants acted in accordance with the character.

5.     While evidence of prior acts is most frequently admitted in criminal cases, Rule 404(b) applies to civil litigation as well.[2] Under Rule 404(b), evidence of

---

[2] *See U.S. v. Ballou*, 59 F. Supp. 3d 1038, 1050 (D.N.M. 2014) (holding that Rule 404(b) applies in both civil and criminal cases).

other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. While Rule 404(b) typically limits the admissibility of character evidence as applied to 'persons,'[3] courts have generally held that corporations do fall within the scope of the character evidence rule.[4]

6.      While inadmissible to prove character, evidence of prior acts may admittedly be admissible in certain limited situations.[5] However, the Tenth Circuit has specifically held that such evidence must be excluded if that evidence is unduly prejudicial.[6] In order for evidence of prior acts to be admissible under Rule 404(b), the proffered evidence must satisfy a four-part analysis: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Rule 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.[7]

7.      In the present litigation, Plaintiff is attempting to introduce evidence of prior litigation involving Defendants in an improper effort to prove that Defendants are now acting in conformity with acts alleged by third-parties in prior litigation.

---

[3] *See West v Marion Labs., Inc.,* No. 90-0661-CV-W2, 1991 WL 5127230, at *1 n.1 (W.D. Mo. Dec. 12, 1991).

[4] *See, e.g., American Nat'l Watermattress Corp. v. Manville*, 642 P.2d 1330, 1336 (Alaska 1982) (holding that Alaska Rule of Evidence 404 applied to a company restricting evidence of the corporation's alleged pattern of behavior.); *Bexar County Appraisal Review Bd. v. First Baptist Church,* 846 S.W.2d 554, 562 (Tex. App.—San Antonio, 1993) (holding that Texas Rule of Evidence 404 applied to a realty company in a civil case).

[5] FED. R. EVID. 404(b).

[6] *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776 (10th Cir. 1999) (explaining that testimony relevant to motive or intent may still be disallowed if unduly prejudicial)

[7] *U.S. v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

Defendants submit that this is exactly the kind of evidence that Rule 404(b) was created to exclude.

8.      Even though this type of character evidence is occasionally recognized as relevant, that relevance must be balanced with the risk of unfair prejudice. As an example, a person who has committed battery before may be more likely (as compared to someone who has never committed battery) to be the person who committed battery recently. However, the fact that person committed battery in the past is not irrefutable proof that person also committed battery more recently. Despite this fact, a jury might improperly interpret the past conduct as proof of more recent conduct. Further, a jury might also improperly conclude that someone who committed battery in the past is of bad character and deserves to be punished even if he did not commit the more recent battery.[8]

9.      In the present instance, allowing Zia to introduce evidence of prior litigation alleging wrongdoing on the part of Defendants to establish that Defendants have acted in a certain way in the past could easily lead the jury to improperly interpret the prior alleged acts of Defendants as proof of Defendants acts with respect to the present litigation. The risk is great that a jury could improperly conclude that because of past allegations that Defendants have engaged in a certain way in the past, they are of bad character and deserve to be punished. Because Plaintiffs seek to introduce evidence of prior litigation involving Defendants for nothing more than an improper showing of propensity, and the minimal probative value of the alleged

---

[8] *Cf. Old Chief v. United States*, 519 U.S. 172, 181 (1997).

similar acts is substantially outweighed by its potential for unfair prejudice, it should be excluded.

**B.    Pursuant to Federal Rule of Evidence 401, evidence of prior litigation and undisclosed Congressional hearings involving Defendants is irrelevant to these proceedings because it is fact specific and unrelated to the issues presented here.**

10.    The Federal Rules of Evidence contemplate the admission of relevant evidence and the exclusion of irrelevant and potentially prejudicial evidence.[9] Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.[10] Here, Plaintiff appears to be seeking to offer evidence of prior litigation involving Defendants along with undisclosed testimony from unknown Congressional hearings to establish (1) Plaintiff's motive for unilaterally developing the "cost-plus model," and (2) Plaintiff's claim of unfairness in the American beef processing industry. However, this evidence is irrelevant as to the causes of action actually asserted in this litigation revolving around the alleged formation of a contract because the facts, parties, and times of the prior litigation and undisclosed Congressional hearings are unrelated to and different than those in this case.

11.    Plaintiff's motives, based on the information obtained therefrom, is irrelevant and provides no assistance in determining whether or not a contract was formed in this instance and does not make the possible existence of a contract more

---

[9] *See Train v. City of Albuquerque*, 629 F.Supp.2d 1243, 1247 (D.N.M. 2009) (citing FED. R. EVID. 401, 402, 403).
[10] FED. R. EVID. 401.

or less probable than it would be without it. Since irrelevant evidence is inadmissible, this Court should exclude any evidence proffered by Plaintiff relating to prior litigation and undisclosed Congressional hearings involving Defendants.

   **C.    Alternatively, even if admissible, pursuant to Federal Rule of Evidence 403, evidence of prior litigation and unidentified Congressional hearings involving Defendants should be excluded as unduly prejudicial.**

12.    A Court may exclude relevant evidence if its probative value is substantially outweighed by a danger any one or more of the following factors: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[11] Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter. [12]

13.    Even if this Court were to find previously-undisclosed evidence of prior litigation involving Defendants or previously-unidentified Congressional testimony from previously-unnamed representatives of Defendants relevant, the prejudicial effect of any allegations or insinuations of wrongdoing would outweigh any possible relevance. This would serve only to unjustifiably prejudice the jury against Defendants, improperly suggesting that Defendants regularly engage in certain facts, improperly leading the jury to dislike Defendants. Because such evidence would be of no assistance with respect to the causes of action asserted in the present litigation revolving around whether or not a contract was created, such evidence should be

---

[11] FED. R. EVID. 403.
[12] *See U.S. v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999).

excluded by this Court. Admitting this evidence would only serve to cause undue prejudice against Defendants, confuse the jury, and offer no probative value.

14.    Finally, while Defendants' position is that the evidence in question is (1) not admissible to show that on a particular occasion Tyson acted in accordance with that character, (2) irrelevant to these proceedings, and (3) of a nature that any probative value is heavily outweighed by prejudice, if this Court decides against Defendants on this issue, Defendants respectfully request that they be permitted to introduce Plaintiff's other litigation into evidence as a matter of equity and fairness.

## IV.    CONCLUSION

Defendants, Tyson Foods, Inc., and Tyson Fresh Meats, Inc., respectfully ask that Plaintiff be prohibited from introducing evidence regarding (1) evidence of prior unidentified and undisclosed litigation involving Defendants, or (2) undisclosed excerpts from unidentified Congressional hearings in which one or more representatives of Defendants might have testified. Defendants further request any and all further relief, whether in equity or at law, to which they might be justly entitled.

Respectfully submitted,

**MAYER LLP**

By:     */s/ Brian J. Fisher*
        Brian J. Fisher
        Shawn S. Cummings

9400 Holly Avenue NE, Building 3
Albuquerque, New Mexico 87122
Telephone: 505.483.1840
Facsimile: 505.483.1841
Email:       BFisher@mayerllp.com
             SCummings@mayerllp.com

*Attorneys for Defendants Tyson Foods, Inc.*
*and Tyson Fresh Meats, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on the 31st day of May, 2022, a true and correct copy of the foregoing has been served on all counsel of record via CM/ECF.

By:     */s/ Brian J. Fisher*
           Brian J. Fisher

8151255v2 (58140.00207)